No. 23-1380

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

Rocky Mountain Gun Owners, *et al.,*
*Plaintiffs-Appellants*,

v.

Jared S. Polis, in his official capacity
as Governor of the State of Colorado*,*
*Defendant-Appellee*,

Appeal from the United States District Court
for the District of Colorado
No. 1:23-cv-2563-JLK (Hon. John L. Kane)

**PLAINTIFF-APPELLANTS' RESPONSE IN OPPOSITION TO APPELLEE'S MOTION FOR EXTENSION OF TIME**

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Phone: (303) 205-7870
Email:  barry@arringtonpc.com

D. Sean Nation
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
Phone: (303) 292-2021
Email: snation@mslegal.org

*Counsel for Plaintiffs-Appellants*

Appellants have not lightly reached the decision to oppose Defendant-Appellee's Motion for an Extension of Time. Professional courtesies are important, and undersigned counsel recognizes that attorneys often have pressing business before multiple forums at once.

Respectfully, however, by seeking a 32-day extension of time, Appellee is placing its own scheduling needs and conveniences above the interests of the Appellants, who are suffering ongoing and irreparable injury, based on constitutional violations. Moreover, it is Appellants' position that these injuries are demonstrably occurring based on merely a cursory review of the record. *Compare, e.g.*, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) (striking down a 1905 New York statute for failure to accord with the Second Amendment) *with* App. 759 (finding that "the parties agree [that] no law requiring a waiting period was enacted in the United States until 1923").

It is therefore incorrect to assert that a 32-day period where Appellants are further irreparably injured "will cause Plaintiffs no prejudice." Mot. at 4. Indeed, the truth is exactly the opposite. Appellants seek a preliminary injunction to end the irreparable harm done to them. *See Free the Nipple-Fort Collins v. City of Fort Collins, Co.*, 916 F.3d 792, 805 (10th Cir. 2019) ("Most courts consider the infringement of a constitutional right enough and require no further showing of irreparable injury."). Yet Appellee is essentially asking the Court to allow an invalid

1

statute to survive 32 days longer, and inflict further harm on Appellants, merely so that it can reiterate arguments that it has fully researched, crafted, and argued before the District Court.

It would be one thing if the challenged law were currently temporarily enjoined while this appeal proceeded. Then a delay of 32 days would not prejudice Appellants. But here, such a significant delay means that this Court will likely not hear the case in the same sitting than it otherwise would, much less reach a ruling in the same time frame.

Moreover, Appellants respectfully disagree that this case presents any unique burden that would prevent Appellee from filing an Answer brief "while exercising due diligence." The case is about a short statute that primarily has one feature—imposing a 3-day waiting period on a purchaser of a firearm from obtaining that firearm. There is only one cause of action in Plaintiff's 8-page complaint challenging that statute. App. at 7-14. And one major Supreme Court precedent to apply—*Bruen*. In other words, this is not a complex case involving multiple parties, multiple laws, or even multiple theories advanced by Appellants.[1]

Similarly, the issues in the case were briefed before the District Court many

---

[1] Note that Appellants' Opening Brief contained only 10,310 words, which is less than the limit of 13,000 words, given that the issues in the case are straightforward. Because the Appellee is unlikely to contest standing, jurisdiction, or the standard of review, Appellee can likely file a proper brief with only 8,000 words or fewer.

months ago, and largely remain the same. Two key questions must be answered: Does the law implicate the Second Amendment? If so, is there an historical analogue to law prohibiting purchasers from obtaining their firearm prior to the expiration of a 3-day waiting period?

While a preliminary injunction hearing has admittedly occurred since the briefing in the District Court, the central theme of the District Court's denial of Appellant's preliminary injunction motion generally echoes the Appellee's briefing: it held that the 3-day waiting period law was a commercial regulation, and alternatively, that it was analogous to intoxication statutes and licensing regimes. Appellee should have little trouble cutting and pasting its arguments below into its Answer brief, which were extensively pressed in its briefing before the District Court.

Last, on the merits, it is not clear why Appellee seeks 32 additional days to file its Answer Brief. Appellee relies first and foremost on Mr. Kotlarczyk's participation in *Trump v. Anderson*; but as Appellee admits, that case has been fully briefed and argued before the Supreme Court, as of February 8. Mot. at 2-3. Appellee does not explain how the Supreme Court's decision in that case will result in further work for Mr. Kotlarczyk.

Appellee also states that there will be a forthcoming motion for an extension in another Second Amendment case; but that case is in a much better posture for an extension, since the Plaintiff below obtained a preliminary injunction. And none of

3

the other cases identified by Counsel squarely present constitutional issues in such a straightforward posture as this one. *Contra Eaves v. Polis*, No. 23-1143. They, too, seem like better candidates for delay, where a non-moving party will suffer less or no prejudice.

Appellants are sympathetic to the busy schedule that both of Appellee's attorneys are keeping in February, and to a lesser extent, March. But it is not clear why they have not gotten closer to finalizing their brief by this point, or why they need 32 more days *beyond* their deadline of next Thursday, February 29, which is still a week away.

Given that extensions of filing deadlines are generally disfavored, *see* Local Rule 27.6(a), granting Appellee's motion here would essentially open the door to extensions of over one month in myriad cases, regardless of how simple or straightforward they might be. Instead, the Court should deny the motion.

DATED this 22nd day of February 2024.

Respectfully submitted,

/s/ D. Sean Nation
D. Sean Nation
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
Tele: (303) 292-2021
E-mail: snation@mslegal.org

*Counsel for Appellants*

## CERTIFICATE OF ELECTRONIC FILING

In accordance with this Court's CM/ECF User's Manual and Local Rules, I hereby certify that the foregoing has been scanned for viruses with Sentinel One, updated February 22, 2024, and is free of viruses according to that program.

In addition, I certify that all required privacy redactions have been made and the electronic version of this document is an exact copy of the written document to be filed with the Clerk.

DATED this 22nd day of February 2024.

>   */s/ D. Sean Nation*
>   D. Sean Nation

## CERTIFICATE OF SERVICE

I certify that on February 22nd, 2024, I caused the foregoing to be filed through the Court's CM/ECF system, with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit through the Court's CM/ECF system. I certify that all participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system and that a PDF copy of this motion will be emailed to opposing counsel immediately after it is filed.

DATED this 22nd day of February 2024.

*/s/ D. Sean Nation*
D. Sean Nation

*Counsel for Appellants*
