

**2596 South Lewis Way | Lakewood, CO  80227 | Tel: 303.292.2021**

June 26, 2024

VIA CM/ECF

United States Court of Appeals for the Tenth Circuit
Christopher M. Wolpert, Clerk of Court
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Dear Mr. Wolpert,

On June 21, 2024, the Supreme Court of the United States issued its opinion in *United States v. Rahimi*, 602 U.S. –, – S. Ct. –, 2024 WL 3074728. The Court upheld 18 U.S.C. § 922(g)(8), which restricts possession of firearms by individuals subject to domestic violence orders. This Court may find the opinion relevant with respect to the following points.

First, although the Court upheld § 922(g)(8), its rationale related specifically to individuals presenting credible threats to others: "Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Id.* at *10.

By contrast, the case before this Court involves no individualized finding of a credible threat. That is dispositive. "[O]ur Nation's tradition of firearm regulation distinguishes citizens who have been found to pose a credible threat to the physical safety of others <u>from those who have not</u>." *Id.* at *10 (emphasis added).

Second, *Rahimi* bolsters Appellants' position on *Bruen* Step 1, by establishing that conduct implicates the plain text of the Second Amendment if it merely relates to "arms bearing." *Rahimi*, 2024 WL 3074728, at *6 ("[W]hen the Government regulates arms-bearing conduct, as when the Government regulates other constitutional rights, it bears the burden to 'justify its regulation.'"). Here, that is so.

Last, *Rahimi* serves to re-affirm the government's burden under *Bruen* to locate a close historical analogue to the regulation that it seeks to defend. "Why and how the regulation burdens the right are central to this inquiry." *Id.* at *6; *see id.*

("Even when a law regulates arms-bearing for a permissible reason, though, it may not be compatible with the right if it does so to an extent beyond what was done at the founding.") (emphasis added).

By upholding § 922(g)(8) only after finding specific historical analogues, the Court reaffirmed the relevant standard under *Bruen*. *Id.* at *7 ("[R]egulations targeting individuals who physically threatened others persisted."); *accord id.* at *30 (Barrett, J., concurring) ("[A] court must be careful not to read a principle at such a high level of generality that it waters down the right.").

        Respectfully Submitted
        /s/ *D. Sean Nation*
        D. Sean Nation
        Counsel for Plaintiffs-Appellants